"The condition of the above obligation is such that, if the above bounden Benjamin Waller shall well and truly prosecute an appeal taken by him this day from the judgment of the county court of Halifax, passed against him in favor of Arthur Waller, to the Superior Court of *Page 274 
Halifax District, and if the decree is confirmed; or if the said Benjamin Waller shall fail to prosecute the said appeal, the said Benjamin Waller shall well and truly pay to the said Arthur Waller twelve and an half per cent interest on the sum decreed, then the obligation to be void; else to remain in full force and virtue.
 (Signed) BEN. WALLER. [Seal.] SAM'L PITTMAN. [Seal.] JAMES SLOTTER. [Seal.]
"Witness: L. LONG, Clerk."
This is an appeal taken under the directions of an Act of Assembly, prescribing the manner in which such bonds shall be taken, and directing the mode of prosecuting the appeals. The defendant ought not to be charged by virtue of such a bond, unless the provisions of the act have been substantially pursued; nor is it right to make any intendment against sureties, beyond that which they have stipulated to perform. The Act of 1777 requires that the appellant shall enter into bond with two sufficient securities for prosecuting the appeal with effect, and for performing the judgment, sentence, or decree which the Superior Court shall pass or make therein, in case such appellant shall have the cause decided against him. By the Act of 1784 it is provided that when the judgment shall be affirmed in the Superior Court, or the appellant (326) shall discontinue his appeal, then he shall pay to the plaintiff in the original action at the rate of 6 per cent; and this is directed to be inserted in the condition of the bond. This is increased to 12 1/2 cents by the Act of 1785, which is to be paid where the appeal is not prosecuted, or where the Court affirm the judgment. From these several acts, which are all that relate to the subject, and which therefore should be taken together, it is apparent that the most effective part of the condition is left out of this bond. So that were the securities able to prove that the appellant had performed the judgment of the Superior Court, it would not save the penalty. Though, in ordinary cases, the circumstance of the condition of a bond being insensible and repugnant operates only to avoid the condition, and still leaves the bond single and binding upon the obligor, yet that principle is not applicable to this case. There it is said to be the folly of the obligor to enter into such a bond from which he can never be released, yet here they must have supposed they were entering into a legal bond.
NOTE. — See Forsyth v. McCormick, 4 N.C. 359; Orr v. McBryde,7 N.C. 235. *Page 275